**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peggy Haller, individually,         )<br>                                    )<br>         Plaintiff,                 )<br>                                    )<br>vs.                                 )<br>                                    )<br>Hartford Fire Insurance Company, a )<br>foreign corporation,                )<br>                                    )<br>         Defendant.                 )<br>                                    )<br>_____ ) | No. CV05-3144-PHX-DGC<br><br>**ORDER** |

On October 6, 2005, Defendant Hartford Fire Insurance Company removed this action from Maricopa County Superior Court. Defendant asserted that original jurisdiction existed in this Court under 28 U.S.C. § 1332 because the parties' citizenship was diverse and the amount in controversy exceeded $75,000. *See* Doc. #1. On November 8, 2005, Plaintiff filed a Motion to Remand. *See* Doc. #6. Defendant has filed a response (Doc. #8) and Plaintiff has filed a reply (Doc. #9).

"Where the Complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds [$75,000]." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997). *See also Valdez v. Allstate Ins. Co.*, 372 F.3d 115, 116-17 (9th Cir. 2004). Defendant attempts to meet this burden by asserting that Plaintiff has made a claim for bad faith and seeks to recover punitive damages. Defendant's argument is incorrect.

1 Plaintiff's claim in Superior Court consisted of an Application for Correction and
2 Confirmation of Arbitration Award/Complaint for Declaratory Relief. *See* Doc. #1, Ex. A.
3 The Application does not assert a claim for bad faith and does not seek to recover punitive
4 damages. Rather, the Application seeks confirmation of an arbitration award entered
5 against Defendant and asks the Superior Court to rule that Plaintiff may also recover
6 sanctions under Rule 68 of the Arizona Rules of Civil Procedure based on an offer of
7 judgment Defendant did not accept. Defendant has provided no evidence concerning the
8 amount of the requested Rule 68 sanctions. Plaintiff asserts without contradiction that
9 they will total less than $18,000.

10 In making its assertions concerning the amount in controversy, Defendant cites to
11 "Plaintiff's Complaint" and identifies numbered paragraphs that do not exist in Plaintiff's
12 Application. *See* Doc. #8 at 2 (citing to "Plaintiff's Complaint, paragraphs 12, 13, and 17).
13 Defendant appears to be citing a complaint from another case. In fact, Defendant seeks to
14 support its argument by submitting to the Court a Certificate on Compulsory Arbitration
15 from a different lawsuit between the parties. *See* Doc. #8, Ex. 1.

16 In sum, Defendant has not provided the Court with evidence to suggest that the
17 amount in controversy in this case exceeds $75,000 and appears to have been reckless in
18 its representations to the Court. Defendant cites to punitive damage claims that do not
19 exist in this action, cites to a Complaint that does not exist in this action, and relies on a
20 Certificate on Compulsory Arbitration from another lawsuit. The Court will grant the
21 Motion to Remand, but first will entertain an application from Plaintiff for recovery of
22 attorneys' fees and costs incurred in obtaining the remand. *See* 28 U.S.C. § 1447(c).
23 Plaintiff's application for attorneys' fees shall be filed on or before January 13, 2006, and
24 shall not exceed five pages in length. Defendant's response shall be filed on or before
25 January 25, 2006, and shall not exceed five pages in length. A reply memorandum may be
26 filed on or before February 1, 2006, and shall not exceed three pages in length. The Court
27
28

will then rule on the application for attorneys' fees and enter an order remanding this case to Maricopa County Superior Court.

DATED this 5th day of January, 2006.

_____
David G. Campbell
United States District Judge

- 3 -